NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

MAR 10 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

EDDIE LEE KNUCKLES,

                    Plaintiff-Appellant,

    v.

ANDREW M. SAUL, Commissioner of
Social Security,

                    Defendant-Appellee.

No.    18-35398

D.C. No. 6:16-cv-02197-AA

MEMORANDUM*

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, District Judge, Presiding

Submitted March 6, 2020**

Before: FARRIS, TROTT, and SILVERMAN, Circuit Judges.

    Eddie Lee Knuckles appeals the district court's affirmance of the

Commissioner of Social Security's denial of his application for disability insurance

benefits and supplemental security income under Titles II and XVI of the Social

Security Act.  We have jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C. §

---

    *       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    **      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

405(g).  We review de novo, *Attmore v. Colvin*, 827 F.3d 872, 875 (9th Cir. 2016), and we affirm.

The ALJ provided specific and legitimate reasons supported by substantial evidence to give only "little weight" to the opinions of Dr. Hughes. *See Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017).  The ALJ discounted the opinions of Dr. Hughes as to both psychological and physical limitations because he found them inconsistent with Dr. Hughes's own treatment notes and other objective medical evidence.  *See Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 692-93 (9th Cir. 2009) (holding that a conflict with treatment notes is a specific and legitimate reason to reject treating physician's opinion).

The ALJ gave a germane reason supported by substantial evidence for discounting the opinion of counselor Ludwig as to psychological limitations by finding the limitations inconsistent with Ludwig's own objective findings which showed Knuckles as cooperative and displaying normal thought processes, intellectual functioning, cognition, and memory.  *See Molina v. Astrue*, 674 F.3d 1104, 1111-12 (9th Cir. 2012) (holding that a conflict between an opinion and earlier assessment is a germane reason for discounting opinion).

The ALJ's formulation of the residual functional capacity (RFC) adequately accounted for Knuckles's mental limitations. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008).

18-35398

The ALJ gave specific, clear and convincing reasons for discounting Knuckles's testimony regarding the severity of his symptoms, including inconsistency with the objective medical evidence and inconsistency with the level of treatment sought. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) ("While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects."); *see also Molina v. Astrue*, 674 F.3d 1104, 1112-13 (9th Cir. 2012) (ALJ may use "ordinary techniques of credibility evaluation" including "unexplained or inadequately explained failure to seek treatment or follow a prescribed course of treatment.").

The ALJ did not err in giving only "some weight" to Ward's and Humbles's lay witness testimony. The ALJ gave specific, clear and convincing reasons for discounting Knuckles's symptom testimony and those reasons apply with equal force to his similar lay witness evidence.

Lastly, the ALJ did not err at Step 5 either in his formulation of the hypothetical question to the vocational expert, or by including mail sorter in the jobs Knuckles could perform. As to formulation of the RFC and hypothetical question, the ALJ is not required to incorporate opinion evidence that was previously permissibly discounted. *Batson v. Commissioner*, 359 F.3d 1190, 1197 (9th Cir.

18-35398

2004). As to Step 5, the ALJ's error in including mail sorter as a position Knuckles could perform was harmless because the ALJ also found Knuckles could perform the jobs of price marker and laundry sorter and those jobs exist in significant numbers in the national economy. *See Gutierrez v. Comm'r, Soc. Sec.*, 740 F.3d 519, 528 (9th Cir. 2014) (25,000 jobs in national economy constitute significant numbers).

**AFFIRMED**.